UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN H. SCHEIN DESCENDANTS' LLC,<br><br>                              Plaintiff,<br><br>– against –<br><br>MICHAEL DEREK BROWN,<br><br>                              Defendant. | Case #1:20-cv-5880<br><br>COMPLAINT |

Plaintiff Marvin H. Schein Descendants' LLC ("**MHS**"), by its attorney, Law Office of Ariel Berschadsky, files this complaint for breach of contract against Defendant Michael Derek Brown, and states as follows:

**PARTIES**

1. Plaintiff is a limited liability company formed and existing under the laws of the State of New York, with a principal place of business at 370 East 69th Street, #4J, New York, NY 10021. All members of MHS are citizens domiciled in New York State.

2. Defendant Michael Derek Brown ("**Brown**") is a natural person residing at 657 Ridgestone Rim Court, Henderson, Nevada 89012.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 USC § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Venue is proper in this District pursuant to 28 USC § 1391(b)(2).

**FACTUAL ALLEGATIONS**

5. Plaintiff is the assignee of an $89,008.30 judgment obtained on June 19, 2015 in the action captioned *Leslie J. Levine, solely in his capacity as trustee of The Marvin H. Schein Descendants' Trust v. Michael D. Brown*, Case #1:15-cv-1738 (JMF), in the Southern District of New York (the "**Judgment**").

6. The Judgment was comprised of the liquidated amount of $79,213.27 plus $9,795.03 in costs, disbursements, and attorneys' fees accrued through May 29, 2015.

7. The lawsuit underlying the Judgment was based on Brown's breach of the terms of the settlement agreement dated April 17, 2007 among Marvin H. Schein, The Marvin H. Schein Descendants' Trust, and Leslie J. Levine (in his capacity as Trustee of the Schein Trust), Louis P. Kreisberg, and Brown (the "**2007 Agreement**").

8. The Judgment was assigned to MHS on September 18, 2019, and that assignment was filed with the Southern District of New York's Judgment Clerk's Office on September 20, 2019.

9. The Judgment was partially satisfied to the extent of the sum of $10,000 on February 6, 2020, and the amount outstanding on that Judgment (sans accrued interest) is therefore currently $79,008.30.

10. Pursuant to Sections 7 (Remedies) and 13 (Attorney's Fees) of the 2007 Agreement, Plaintiff now seeks to recover (A) attorneys' fees and costs in the amount of $276,544.16; (B) additional losses of $306,896.75 incurred by MHS and its predecessor in interest as a result of Brown's continuing failure since June 19, 2015 to abide by the terms of the 2007 Settlement Agreement; and (C) $87,410.42 in pre-judgment interest on these additional losses at the applicable New York State statutory rate.

**Failure by Brown to Make Required Payments Under 2007 Agreement**

11. Section l(a) of the 2007 Agreement provides that Brown will pay the Escrow Agent all annual premiums for two life insurance policies.[1]

12. Brown's failure to make sufficient escrow payments through June 19, 2015 prompted the original lawsuit, resulting in the Judgment.

13. Since June 19, 2015, Brown has continued to fail to restore the balance of the Escrow Deposit to the amount required by the 2007 Agreement. Deficiency letters were sent by McLaughlin & Stern, LLP, counsel for the Trustee, to Brown on July 11, 2017, December 28, 2017, January 23, 2019, and December 28, 2019.

14. The most recent deficiency letter indicates that the current deficiency in the Escrow Deposit is $396,110.02.[2]

15. Plaintiff therefore seeks an award of $306,896.75, equal to the current deficiency in the Escrow Deposit ($396,110.02) minus the original liquidated damages amount of the Judgment ($79,213.27) minus the amount collected on February 6, 2020 ($10,000).

---

[1] Policy #58903832 issued by ManuLife Insurance Company (n/k/a John Hancock Life Insurance Company) and Policy #U7388771 issued by Travelers Life & Annuity Company, both issued on December 28, 2000.

[2] $523,615.92 specified in the McLaughlin & Stern, LLP's deficiency letter, dated December 28, 2019, minus $127,505.90 transferred to Escrow Deposit (as defined in 2007 Agreement) on December 30, 2019.

3

**Pre-Judgment Interest on Payments Due Under 2007 Agreement**

16.     Brown's ongoing failure since December 31, 2016 to restore the balance of the Escrow Deposit to its required level constitutes a breach of contract that makes him liable for pre-judgment interest at the New York State statutory rate of 9% per annum.

17.     Pre-judgment interest is applicable to the deficiencies in the Escrow Deposit on a daily basis since December 31, 2016.

18.     The total amount of accrued pre-judgment interest through July 29, 2020 is $87,410.42, as indicated in the following chart:

| Date | Escrow Deposit Deficiency | # Days | Accrued Interest |
|---|---|---|---|
| 12/31/16 | $210,977.01 | | |
| 10/11/17 | $186,750.00 | 284 | $14,774.17 |
| 12/28/17 | $242,069.75 | 78 | $3,591.74 |
| 12/28/18 | $537,208.24 | 365 | $21,786.28 |
| 1/29/19 | $268,604.12 | 32 | $4,238.79 |
| 12/28/19 | $523,615.92 | 333 | $22,054.97 |
| 12/30/19 | $396,110.02 | 2 | $258.22 |
| 7/29/20 | | 212 | $20,706.24 |
| **Total Pre-Judgment Interest:** | | | **$87,410.42** |

19.     The Escrow Deposit Deficiencies reflect the Trustee's demand letters and partial payments into the Escrow Deposit by another party to the 2007 Agreement, as follows:

| Payment Date | Amount |
|---|---|
| 10/11/17 | $24,227.01 |
| 1/29/19 | $268,604.12 |
| 12/30/19 | $127,505.90 |

20.     Since the amount of pre-judgment interest on the current Escrow Deposit Deficiency of $396,110.02 grows at the rate of $97.67[3] per day, MHS requests that the Court calculate additional accrued pre-judgment interest as of the date it issues an award.

---

[3]   $396,110.02 * 9%/year ÷ 365 days/year.

**Attorney's Fees and Costs**

21. Brown's breach of the 2007 Agreement led to the above-captioned litigation and, ultimately, the Judgment.

22. Section 13 of the 2007 Agreement provides that:

> In any action, suit, arbitration or proceeding to enforce or to recover damages for the breach of this [Agreement] as among any of the parties hereto, the party (or parties) that complies with the demands made by the other party (or parties) shall pay to such party (or parties) and the court or arbitrator in any such action, suit, arbitration or proceeding shall award to such party or parties all of such party's attorneys' fees, costs and expenses incurred in the successful prosecution or defense of such action, suit or proceeding, as the case may be.

23. By reason of Section 13 of the 2007 Agreement, Assignor, and hence MHS as assignee of the Judgment, is entitled as a matter of right to an award of the attorneys' fees and costs incurred by the Assignor, as the prevailing party in the underlying action, and fees and costs incurred by MHS, as the assignee, incurred for the purposes of (a) identifying assets that could be restrained and seized to satisfy the Judgment; (b) efforts to restore the balance of the Escrow Deposit to its required level; and (c) the present lawsuit for breach of contract, including the prior effort to amend the Judgment via motion (collectively, the "**Fees**").

24. For actuarial reasons, it was already clear by 2015 that annual escrow deposit requirements under the 2007 Agreement would be substantial and would grow exponentially in subsequent years, justifying strenuous judgment enforcement efforts from that point forward.

25. The total amount of the Fees is $276,544.16, incurred over the five-year period since entry of the Judgment through July 29, 2020. This is comprised of (a) $233,976.06 to identify assets that could be restrained and seized to satisfy the Judgment; (b) $9,749.10 for efforts to

restore the balance of the Escrow Deposit to its required level; and (c) $32,819.00 for the present lawsuit, including the prior effort to amend the Judgment via motion.

26. The Fees were billed by and paid to the following law firms: Ackerman, Levine, Cullen, Brickman and Limmer, LLP (NY); Grodsky & Olecki, LLP (CA); McLaughlin & Stern, LLP (NY); Loeb & Loeb LLP (NY); Law Office of Ariel Berschadsky (NY & NJ); Brady Preston Gronlund, PC (IA); Cain & Skarnulis, PLLC (TX); and Reid Rubinstein Bogatz (NV).

27. Judgment enforcement work has entailed depositions of Brown, his colleague Matthew Pearson; his children Andrew and Daniel Brown, his ex-wife Mary Brown, and his attorney Lisa Fuller; subpoenas to Brown, corporate entities with which he is affiliated, his current and former business associates in various states, and his numerous nominees; subpoenas and restraining notices to Brown's banking institutions and review of thousands of pages of documents received; written and verbal communications with individuals with information useful to the judgment enforcement effort; registration of the judgment in various judicial districts where Brown is believed to have assets; retention of local counsel; and application for turnover orders in the SDNY and Western District of Texas.

28. Efforts to restore the balance of the Escrow Deposit to its required level involved periodic analysis of deficiencies under the 2007 Agreement and preparation of demand letters to the parties to that agreement.

29. MHS seeks compensation from Brown for attorneys' fees and costs as follows:

(A) $10,937.05 incurred and paid from July 9, 2015 through October 25, 2016 for the services of Ackerman, Levine, Cullen, Brickman and Limmer, LLP in Great Neck, New York. Fees and expenses incurred for judgment enforcement and to restore the balance of the Escrow Deposit to its required level were $10,527.05 and $410, respectively.

  (B) $56,291.47 incurred and paid for judgment enforcement purposes from November 16, 2015 through March 29, 2018 for the services of Grodsky & Olecki, LLP in Santa Monica, California.

  (C) $38,101.70 incurred and paid from November 2, 2016 through October 30, 2019 for the services of McLaughlin & Stern, LLP in Great Neck, New York. Fees and expenses incurred for judgment enforcement and to restore the balance of the Escrow Deposit to its required level were $28,762.60 and $9,339.10, respectively.

  (D) $76,972.18 incurred and paid for from August 1, 2019 through May 31, 2020 for the services of Loeb & Loeb LLP in New York, New York. Fees and expenses incurred for judgment enforcement work and for preparation of the present lawsuit comprised $59,985.68 and $16,986.50, respectively.

  (E) $90,631.56 incurred and paid from June 26, 2019 through July 29, 2020 for the services of the Law Office of Ariel Berschadsky in New York, New York. Fees and expenses incurred for judgment enforcement work and for preparation of the present lawsuit comprised $74,799.06 and $15,832.50, respectively. This includes fees and expenses paid on MHS's behalf to Cain & Skarnulis, PLLC ($1,979.75) and Brady Preston Gronlund PC ($236.40).

  (F) $1,500 incurred and paid directly to Brady Preston Gronlund, PC in Des Moines, Iowa for its judgment enforcement work from March 12, 2020 through May 29, 2020.

  (G) $180 incurred and paid directly to Cain & Skarnulis, PLLC in Austin, Texas for its judgment enforcement work on July 8, 2020.

  (H) $1,750 incurred and paid directly to Reid Rubinstein Bogatz in Las Vegas, Nevada for its judgment enforcement work from June 2, 2020 through July 29, 2020.

  (I)  $180.20 paid directly for other judgment enforcement expenses.[4]

30. The Fees have not previously been reduced to judgment.

### First Cause of Action
(Breach of Contract – Attorney's Fees & Expenses)

31. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 30 as though fully set forth herein, and incorporates those allegations herein by reference.

32. Brown received the consideration called for by the 2007 Agreement when certain claims against him by the Trust, as defined therein, were settled.

33. Section 13 of the 2007 Agreement bound Brown to pay for attorneys' fees and costs incurred by the Assignor, as the prevailing party in the underlying action, incurred for the purposes of judgment enforcement.

34. Stepping into the Assignor's shoes when it acquired the Judgment, MHS is entitled to be reimbursed for all attorney's fees and costs incurred by the Assignor as well as its own attorney's fees and costs incurred for the purpose of judgment enforcement.

35. Defendant is also liable to MHS for legal fees and expenses incurred in seeking an award for additional payments due under the 2007 Agreement.

36. MHS has been damaged in the amounts of $233,976.06 in attorney's fees and costs incurred for the purpose of judgment enforcement since June 19, 2015, $32,819.00 in attorney's fees and costs incurred in the present lawsuit, including the prior effort to amend the Judgment via

---

[4] $47 to register Judgment in District of New Jersey; $47 to register Judgment in District of Nevada; $47 to register Judgment in Northern District of Iowa; $39.20 for Rockland County Sheriff fees.

motion, and $9,749.10 in attorney's fees and costs incurred for the purpose of restoring the balance of the Escrow Deposit to its required level.

37. Defendant is therefore liable to MHS for $276,544.16 in attorney's fees and costs.

**SECOND CAUSE OF ACTION**
(Breach of Contract – Escrow Deposit Deficiencies)

38. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 37 as though fully set forth herein, and incorporates those allegations herein by reference.

39. Brown has breached the 2007 Agreement by failing, pursuant to Section l(a) thereof, to pay the Escrow Agent all annual premiums due since June 19, 2015.

40. Brown is therefore liable to Plaintiff in the amount of $306,896.75, equal to the current deficiency in the Escrow Deposit ($396,110.02) minus the original liquidated damages amount of the Judgment ($79,213.27) minus the amount collected by MHS on February 6, 2020 ($10,000).

**THIRD CAUSE OF ACTION**
(Breach of Contract – Pre-Judgment Interest)

41. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 40 as though fully set forth herein, and incorporates those allegations herein by reference.

42. Brown's ongoing failure since December 31, 2016 to restore the balance of the Escrow Deposit to its required level constitutes a breach of contract that makes him liable for pre-judgment interest at the New York State statutory rate of 9% per annum.

43. The total amount of accrued pre-judgment interest from December 31, 2016 through July 29, 2020 is $87,410.42, and continues to accrue at the rate of $97.67/day through the date of entry of the requested judgment.

**PRAYER FOR RELIEF**

**WHEREFORE**, upon the causes of action for breach of contract, Plaintiff respectfully requests judgment against Defendant in the combined amount of $670,851.33, additional pre-judgment interest from July 29, 2020 through the date of the award at the rate of $97.67/day, additional accrued legal fees and expenses from July 29, 2020 through the date of any award, and such further and other relief as the Court deems just and proper.

Dated: New York, New York
July 29, 2020

Respectfully submitted,

**LAW OFFICE OF ARIEL BERSCHADSKY**

By: *Ariel Berschadsky*

Ariel Berschadsky, Esq.
30 Wall Street, 8th Floor
New York, NY 10005
Tel: (212) 372-3322
Fax: (212) 214-0827
ab@berschadsky.com
*Attorney for Plaintiff*